Entered on Docket
November 28, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: November 18, 2010

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    Case No. 10-40297 EDJ
                                         Chapter 11
DOYLE D. HEATON AND
MARY K. HEATON,

                    Debtors./

REGAL FINANCIAL BANK,                    Adv. No. 10-04085 AJ

                    Plaintiff,

vs.

DOYLE D. HEATON AND
MARY K. HEATON,

                    Defendant./

DECISION: CROSS-MOTION FOR LEAVE TO AMEND COMPLAINT

Regal Financial Bank, plaintiff herein, ("Regal") filed its complaint under Bankruptcy Code § 523(a)(2) and (a)(6) (the "Original Complaint") against Doyle Heaton ("Heaton"), debtor, on April 9, 2010, the deadline to file a complaint to determine the dischargeability of certain debts in the Heaton bankruptcy case.

Decision

Regal now seeks leave of this court to amend its complaint. For the reasons hereinafter discussed, the court will deny Regal's motion.

I. Background

Regal's claim arises from its issuance of a loan in March, 2008, to Antinori Development LLC ("Antinori"), an entity of which Heaton was a member. Heaton signed a personal guaranty on March 5, 2008, by which he guaranteed the entire loan amount. Regal renewed the loan at the request of Antinori in March of 2009, prior to the loan maturity date, on the condition that Heaton execute a new guaranty. Heaton executed a new guaranty in May of 2009. On July 27, 2009, Regal issued its default letter on all members of Antinori. On January 11, 2010, Heaton filed a petition under Chapter 11 of the Bankruptcy Code.

By the Original Complaint, Regal seeks a nondischargabiltiy determination under Bankruptcy Code §§ 523(a)(2)(A), (a)(2)(B), and (a)(6), based on the guaranty Heaton executed in 2009 in support of the renewal loan. The guaranty stated that no material adverse change had occurred in Heaton's financial condition since the most recent financial statement provided to Regal. But, Regal contends in the Original Complaint, the financial statements Heaton provided do not disclose that Heaton was also the guarantor on several other loans. The Original Complaint contends the omission was intentional and material, and that Regal relied on Heaton's misrepresented financial condition, by way of the 2009 guaranty, when it renewed the Antinori loan.

Decision 2

Regal concedes that the evidence does not support its claims. See Regal Opposition to Summary Judgment at 2. The court accordingly granted Heaton's motion for summary judgment as to Regal's April 9, 2010 complaint. However, Regal has moved to amend the Original Complaint to allege that the financial statements Heaton provided prior to executing the initial guaranty in 2008 contained fraudulent omissions upon which Regal relied in issuing the 2008 loan.

II. Discussion

Federal Rule of Civil Procedure 15, applicable herein via Federal Rule of Bankruptcy Procedure 7015, provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has held that motions to amend the complaint should generally be granted absent "any apparent or declared reason" such as undue delay, bad faith, prejudice to the opposing party, or futility of the amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962). See also Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989), DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Despite the liberality with which motions to amend complaints are generally granted (see DCD Programs, Ltd. v. Leighton, 833 F.2d at 183) if the complaint as amended is nonetheless deficient, the court must deny Regal's motion to amend.

Federal Rule of Bankruptcy Procedure 4007(c) provides that a complaint to determine the dischargeability of a debt, such as the

Decision 3

complaint herein, must be filed no later than sixty days after the first date set for the meeting of creditors. In this case, that date was April 9, 2010. Regal filed its complaint on the April 9, 2010 deadline. Therefore, in order for the proposed amended complaint to be timely under Bankruptcy Rule 4007(c), it must relate back to the date the original complaint was filed.

Rule 15(c) provides that "an amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Here, the transaction identified by the Original Complaint is the 2009 guaranty Heaton signed in support of the renewal loan issued by Regal to Antinori, that Regal argues incorporated misrepresentations Heaton made in financial statements dated in 2008. Regal seeks to amend its complaint to allege fraudulent omissions in the financial documents dated December 31, 2006 provided by Heaton in support of the original loan as the transaction that supports Regal's § 523(a)(2)(B) nondischargeability claim. See [Proposed] First Amended Complaint at 2-4.

In its supplemental brief[1] Regal argues that because the

---

[1] The court notes that Heaton filed an objection to Regal's supplemental brief, and requested this court not consider it. Because the supplemental brief does not change the outcome of the motion at issue herein, the court declines to sustain Heaton's objection.

Decision 4

Antinori loan was given one identifying number upon its issuance in 2008, and retained that same identifying number when it was renewed in 2009, it is a single loan and therefore satisfies the same transaction requirement of Rule 15(c). But, the manner in which Regal identified the loan, and whether or not the 2009 loan renewal is a separate loan from the 2008 loan, are not the relevant inquiries here. In order for Regal's proposed amended complaint (the "Proposed Complaint") to satisfy Rule 15(c) the court simply looks to whether the Proposed Amended Complaint is based upon the same set of facts alleged by the Original Complaint to give rise to Regal's cause of action. A careful review of the Original Complaint and the Proposed Complaint reveal that this is not so here.

The Original Complaint does mention the 2008 guaranty Heaton executed in support of the 2008 loan. See Complaint at 2-5. However there is no mention of the 2006 financial statements anywhere in the Original Complaint. The Original Complaint identifies Heaton's failure to disclose that his financial condition had "materially deteriorated" between the 2008 loan issuance date and the 2009 renewal as the source of its claim.

By contrast, the Proposed Complaint states only one claim for relief, based entirely upon alleged fraud in the 2006 financial statements provided by Heaton in support of the 2008 loan. See [Proposed] First Amended Complaint at 5. Regal now seeks to allege that it "would not have closed the Loan if it had been fully appraised of Heaton's true financial position as of December 31, 2006." Id. at 4.

Decision 5

The court finds that the Proposed Complaint does not assert a claim that, "arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." Fed. R. Civ. P. 15(c). The Supreme Court has explained that, "[t]he rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." Baldwin County Welcome Ctr. v. Brown, 66 U.S. 147, 149 n.3 (1984). In this case, there is nothing in the Original Complaint to put Heaton on notice of the transaction that is the subject of the sole count of the Proposed Complaint.[2] Accordingly, the Proposed Complaint does not relate back to the Original Complaint for the purposes of satisfying the April 9, 2010 deadline to file a complaint to determine the dischargeability of certain debts in Heaton's bankruptcy case.

Having concluded that the Proposed Complaint does not relate back to the Original Complaint under Federal Rule of Civil Procedure 15(c), the court returns to Regal's motion to amend its complaint under Federal Rule of Civil Procedure 15(a). The Ninth Circuit has held that leave to amend may not be given if the complaint, as

---

[2] The court also notes that a complaint alleging fraud is subject to the heightened pleading requirement of Federal Rule of Civil Procedure 9(b), applicable herein via Federal Rule of Bankruptcy Procedure 7009. It is therefore appropriate in this case to find that the merely incidental relationship between the transaction giving rise to the Original Complaint and that giving rise to the Proposed Complaint is not sufficient to satisfy Rule 15(c).

Decision 6

amended, is subject to dismissal. See Moore v. Kayport Package Exp., Inc., 885 F.2d at 538. If Regal were permitted to amend its complaint it would be subject to dismissal as in violation of the statue of limitations for filing a complaint to object to discharge of debt (see Fed. R. Bankr. P. 4007(c)) because the Proposed Complaint does not relate back to the Original Complaint within the meaning of Federal Rule of Civil Procedure 15(c). The court therefore holds that amendment of the complaint is futile, and leave to amend is not appropriate. See Foman v. Davis, 371 U.S. at 182.

III. Conclusion

Regal's Proposed Complaint does not state a claim that arises out of the same transaction set out in the Original Complaint. The Proposed Complaint therefore does not relate back to the Original Complaint within the meaning of Federal Rule of Civil Procedure 15(c)(1)(B) and is subject to dismissal as violative of the statute of limitations set out in Federal Rule of Bankruptcy Procedure 4007(c). Leave to amend is therefore futile, and impermissible under Federal Rule of Civil Procedure 15(a)(2).

The Cross-Motion for Leave to Amend Complaint is therefore DENIED. The court will issue its order accordingly.

**END OF DECISION**

COURT SERVICE LIST

Stephen M. Judson
Fitzgerald, Abbott and Beardsley
P.O. Box 12867
Oakland, CA 94604-2867

Saied Kashani
800 West First Street
Suite 400
Los Angeles, CA 90012

Decision                                        8

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0971−4 | User: tleyba | Date Created: 11/18/2010 |
| Case: 10−04085 | Form ID: pdfeoapc | Total: 2 |

**Recipients of Notice of Electronic Filing:**
aty      Stephen M. Judson      sjudson@fablaw.com

                                                                                                                                                                                           TOTAL: 1

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
         Saied Kashani      800 West First Street      Suite 400      Los Angeles, CA 90012

                                                                                                                                                                                             TOTAL: 1